**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL<br>INSURANCE COMPANY,<br><br>          Plaintiff,<br>v.<br><br>HUY PHAT NGUYEN; TRISTY NGUYEN;<br>AND<br>JANE DOE, a minor,<br><br>          Defendants. | Case No. |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff State Automobile Mutual Insurance Company ("State Auto"), by and through counsel, and pursuant to 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure, respectfully seeks a declaratory judgment against Defendants Huy Phat Nguyen, Tristy Nguyen, and Jane Doe, a minor, for the purpose of determining a question of actual and immediate controversy between the Parties.  In support of this request, State Auto states as follows:

## NATURE OF ACTION AND RELIEF SOUGHT

1.      This is an action for declaratory relief under 28 U.S.C. §§ 2201, 2202 for the purpose of determining the Parties' rights and obligations, if any, under a homeowners insurance policy (No. 1001551670, the "Policy") issued by State Auto to Huy Phat Nguyen and Tristy Nguyen for the policy period beginning on October 30, 2022 and ending on October 30, 2023.

2.      State Auto seeks a declaration that it has no duty under the Policy to defend or indemnify Defendants Huy Phat Nguyen and Tristy Nguyen (the "Nguyens") in connection with certain parental negligent supervision claims related to sexual abuse and harassment by the Nguyens' minor child son which were asserted against the Nguyens by minor child Defendant Jane Doe ("Jane Doe") in *[Redacted Jane Doe] (a minor Child) By her Next Friend, [Redacted]*

1

*v. Huy Phat Nguyen and Tristy Nguyen*, No. 2411-CC01062 (Mo. Cir. Ct., St. Charles Cty.) (the "Underlying Lawsuit").

3.  State Auto denies the existence of coverage under the Policy for the claims at issue in the Underlying Lawsuit.

4.  There is an actual and immediate controversy among the Parties as to whether coverage for the subject claims exists under the Policy.

5.  All necessary and proper parties are before the Court with respect to the matters in controversy as set forth herein.

6.  State Auto has no adequate remedy at law.

## PARTIES, JURISDICTION AND VENUE

7.  Plaintiff State Auto is an insurance company organized and existing under the laws of Ohio with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116.

8.  Defendant Huy Phat Nguyen is an individual who resides in St. Charles County, Missouri.

9.  Defendant Tristy Nguyen is an individual who resides in St. Charles County, Missouri.

10.  Defendant Jane Doe is an individual minor child who resides in St. Charles County, Missouri. The Underlying Lawsuit identifies Jane Doe by pseudonym only, and by court order, the docket and filings in the Underlying Lawsuit do not reveal Jane Doe's name or identity. State Auto does not know Jane Doe's name or identity.

11.  The claims asserted against the Nguyens in the Underlying Lawsuit arise from alleged sexual misconduct that allegedly took place in this District.

12.  This Court has personal jurisdiction over Defendant Huy Phat Nguyen, Defendant Tristy Nguyen, and Defendant Jane Doe.

2

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 2201 and 28 U.S.C. § 1332(a), as Plaintiff State Auto is a citizen of Ohio and Massachusetts, and Defendants are citizens of Missouri.

14.     This action is brought to determine State Auto's obligations under the Policy, if any, in connection with the claims asserted by Jane Doe against the Nguyens.

15.     The obligations at issue include: (i) the Policy's Limit of Liability for Coverage E (Personal Liability) of $300,000 per occurrence; and (ii) a duty to defend the insured against claims made or suits brought against the insured that trigger coverage under Coverage E (Personal Liability).

16.     The liability limits and coverages at issue in this case, in addition to the potential cost of defending the Nguyens, exceed $75,000.

17.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1)-(2).

18.     Neither Jane Doe nor any individual acting on her behalf has ever sought coverage from State Auto for the claims asserted against the Nguyens in the Underlying Lawsuit or otherwise asserted that any such coverage might exist under the Policy.

## THE POLICY

19.     State Auto issued the Policy to Defendants Huy Phat Nguyen and Tristy Nguyen for the policy period beginning on October 30, 2022 and ending on October 30, 2023.  The Policy is attached hereto as **Exhibit A** and is fully incorporated herein by reference.

20.     As relevant here, the Policy's Coverage E ("Personal Liability") provides coverage for certain third-party claims asserted against an insured as follows:

> If a claim is made or a suit is brought against an ***"insured"*** for damages because of ***"bodily injury"*** or ***"property damage"*** caused by an ***"occurrence"*** to which this coverage applies, we will:

3

1.   Pay up to our limit of liability for the damages for which an *"insured"* is legally liable. Damages include prejudgment interest awarded against an *"insured"*; and

2.   Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of liability for the *"occurrence"* has been exhausted by payment of a judgment or settlement.

21.   The Policy defines *"occurrence"* to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in: a. *'Bodily injury'*; or b. *'Property damage'*."

22.   The Policy defines *"bodily injury"* to mean "bodily harm, sickness or disease, including required care, loss of services and death that results."

23.   The Policy describes the insureds' duties if an *"occurrence"* occurs and states that State Auto has "no duty to provide coverage under this policy if [the insureds'] fail[] to comply with the following duties is prejudicial to" State Auto. The duties in the policy include:

1.   Give written notice to us or our agent as soon as is practical, which sets forth:

   a.   The identity of the policy and the *"named insured"* shown in the Declarations;

   b.   Reasonably available information on the time, place and circumstances of the *"occurrence"*; and

   c.   Names and addresses of any claimants and witnesses;

2.   Cooperate with us in the investigation, settlement or defense of any claim or suit;

3.   Promptly forward to us every notice, demand, summons or other process relating to the *"occurrence"*;

4.   At our request, help us:

   a.   To make settlement;

4

b. To enforce any right of contribution or indemnity against any person or organization who may be liable to an **"*insured*"**;

c. With the conduct of suits and attend hearings and trials; and

d. To secure and give evidence and obtain the attendance of witnesses

24. Coverage E is subject to several exclusions, multiple of which are relevant here.

First, Exclusion E.1. provides that Coverage E "do[es] not apply to":

> **"*Bodily injury*"** or **"*property damage*"** which is expected or intended by an **"*insured*"**, even if the resulting **"*bodily injury*"** or **"*property damage*"**:
>
> a. Is of a different kind, quality or degree than initially ***expected or intended***; or
>
> b. Is sustained by a different person, entity or property than initially ***expected or intended***.
>
> However, this Exclusion E.1. does not apply to **"*bodily injury*"** or **"*property damage*"** resulting from the use of reasonable force by an **"*insured*"** to protect persons or property

25. Second, Exclusion E.7 provides that Coverage E "do[es] not apply to":

> **"*Bodily injury*"** or **"*property damage*"** arising out of sexual molestation, corporal punishment or physical or mental abuse

26. Third, the endorsement SPECIAL PROVISIONS – MISSOURI (Form 10124 (08/22)), adds Exclusion E.9 Failure to Supervise Or Negligent Supervision which provides that Coverage E "do[es] not apply to":

> **"*Bodily injury*"** or **"*property damage*"** arising out of ***failure to supervise or the negligent supervision*** of a person that results in one or more of the excluded events in 6. Communicable Disease, 7. ***Sexual Molestation, Corporal Punishment Or Physical Or Mental Abuse . . .***"

5

### PROCEDURAL HISTORY OF THE UNDERLYING LAWSUIT

27.     On August 26, 2024, Jane Doe, a minor child, filed the Underlying Lawsuit against the Nguyens by and through her Next Friend in the Circuit Court of St. Charles County, Missouri. The Complaint in the Underlying Lawsuit is attached hereto as **Exhibit B**.

28.     On October 8, 2024, Jane Doe filed a Motion for Interlocutory Order of Default (attached hereto as **Exhibit C**) against the Nguyens for failing to answer or file a responsive pleading as required under Mo. R. Civ. P. 55.25(a) and Mo. R. Civ. P. 44.01(a).

29.     On October 21, 2024, a hearing was held on Jane Doe's Motion for Interlocutory Order of Default. That day, Jane Doe's Motion was granted. The Order granting Jane Doe's Motion for Interlocutory Order of Default is attached hereto as **Exhibit D**.

30.     On December 23, 2024, the Circuit Court for the County of St. Charles, Missouri, entered judgment in favor of Jane Doe and against the Nguyens "in the amount of $1,500,000.00," along with post-judgment interest accruing at a rate of 9.58% per annum. The Judgment is attached hereto as **Exhibit E**.

31.     On December 22, 2025, the Nguyens filed a Motion to Set Aside Default Judgment. The Motion is attached hereto as **Exhibit F**.

32.     A hearing on the Nguyens' Motion to Set Aside Default Judgment was scheduled for April 27, 2026 in the Circuit Court of the County of St. Charles, Missouri. The hearing was continued and will take place on June 15, 2026.

33.     Prior to the entry of Judgment, the Nguyens did not notify State Auto of the Underlying Lawsuit.

34.     Prior to the entry of Judgment, the Nguyens did not request a defense from State Auto.

6

35.     On or about April 7, 2026, approximately 19 months after Jane Doe filed the Underlying Lawsuit on August 26, 2024, and more than 15 months after judgement was entered against the Nguyens in the amount of $1,500,000 plus interest, the Nguyens first provided notice to State Auto of the allegations at issue in the Underlying Lawsuit and sought coverage and representation under the Policy for the Underlying Lawsuit. The letter providing notice to State Auto on April 7, 2026 is attached hereto as **Exhibit G**.

**THE ALLEGATIONS IN THE UNDERLYING LAWSUIT**

36.     The Underlying Lawsuit alleges that during the 2022-2023 school year at Frontier Middle School, which is located in Wentzville R-IV School District in St. Charles County, Missouri, the Nguyens' son "repeatedly harassed, abused and assaulted" his classmate, Jane Doe, "both sexually and physically." Ex. B ¶¶ 4, 15, 22.

37.     The Underlying Lawsuit alleges that Jane Doe was "a minor female child under the age of 14." *Id.* ¶ 2.

38.     The Underlying Lawsuit alleges, that the Nguyens' son "exhibited behavioral problems and a habit and proclivity for dangerous, violent, aggressive, sexually abusive and otherwise inappropriate behavior, a propensity for pornography, and a propensity to search the Internet for, view and store on his cellular telephone and Chromebook explicit pornographic and obscene materials." *Id.* ¶ 18.

39.     The Underlying Lawsuit alleges that the Nguyens' son "exhibited and displayed his proclivities in the family home in the presence of, and under the parental control of" the Nguyens, and thus the Nguyens should have had "actual or constructive knowledge of, or should have known of" their son's sexual misconduct against Jane Doe. *Id.* ¶¶ 19, 21, 28, 43-44.

40.     Specifically, the Underlying Lawsuit alleges that for the "purposes of sexual gratification", the Nguyens' son in and around mid-February 2023, while Jane Doe was in gym

7

class, the Nguyens' son "physically punched her, laid on top her, and moved his hips and genital area on top of hers in an up and down ('humping') motion, and stated to the effect of 'I want to have sex with you.'" *Id.* ¶ 23.

41.    The Underlying Lawsuit also alleges that "for purpose of sexual gratification," between mid-February 2023 and May 2023, on multiple occasions, the Nguyens' son "slapped, molested and fondled" Jane Doe's "buttocks in a sexually aggressive manner." *Id.* ¶ 24.

42.    Further, the Underlying Lawsuit alleges that for the "for purposes of sexual gratification," that between mid-February 2023 and May 1, 2023, on multiple occasions, the Nguyens' son showed Jane Doe pornographic materials, including forms of bestiality on both his cell phone and a Chromebook computer issued by the Wentzville R-IV School District.  *Id.* ¶ 25.

43.    The Underlying Lawsuit also alleges that "for purposes of sexual gratification" throughout the 2022-2023 school year until on or around May 1, 2023, on multiple occasions, the Nguyens' son purposefully "fondled and molested the genitals of several male students" in front of Jane Doe at Frontier Middle School, while also informing Jane Doe about similar previous sexual misconduct with other male students.  *Id.* ¶ 26.

44.    The Underlying Lawsuit further alleges that on May 1, 2023, the Nguyens' son, "for purposes of sexual gratification", broke Jane Doe's skin when attempting to draw a heart on her arm using a piece of cardboard and foil on school property, causing her to see the school nurse. *Id.* ¶ 27.

45.    The Underlying Lawsuit alleges that the Nguyens "failed to supervise and monitor" their son, "failed to monitor and inspect his Chromebook and cellular telephone, failed to address or control his proclivities, and failed [to] take prompt and effective remedial actions to stop and prevent his actions toward" Jane Doe. *Id.* ¶ 28; *see also id.* ¶¶ 17, 32, 38, 47.

46.     The Underlying Lawsuit brings two Counts against the Nguyens: (i) "Violation of the MHRA", and (ii) "Parental Failure to Supervise."  The Lawsuit alleges that Jane Doe sustained "physical injuries, past, existing, on-going and future pain, suffering, anxiety, embarrassment, degradation, emotional distress, shame, humiliation, psychological, and mental impairment substantially limiting her major life activities, and past, existing, ongoing and future medical expenses" as a result and seeks damages "of at least $25,000 up to the maximum amount allowed by law, and for such relief consistent herewith as the court deems just." *Id.* ¶¶ 40-41; *see also id.* ¶¶ 48-49.

## COUNT I

### Declaratory Judgment- Late Notice

47.     State Auto re-alleges and incorporates all the preceding paragraphs of this Complaint for Count I as if fully set forth herein.

48.     The Policy does not afford any coverage for the claims asserted by Jane Doe against the Nguyens in the Underlying Lawsuit.

49.     The Policy requires the insureds, the Nguyens, to provide written notice "as soon as is practical" of any "occurrence" and to "promptly forward" all notices, demands, summonses, or other process, and to cooperate with State Auto in the investigation, settlement, and defense of any claim or suit.

50.     The Policy further provides that State Auto has "no duty to provide coverage" when an insured's "failure to comply with" his or her "duties is prejudicial to" State Auto.

51.     The Underlying Lawsuit was filed on August 26, 2024. Under the Policy, the Nguyens materially breached their duty to provide timely notice or tender to State Auto because they did not provide notice or tender of the Underlying Lawsuit to State Auto until on or about April 7, 2026, approximately 19 months after the Underlying Lawsuit was filed. During this 19-

month period, and before State Auto had an opportunity to participate in the defense, an Interlocutory Order of Default was entered against the Nguyens on December 23, 2024, in the amount of $1,500,000 plus post-judgment interest.

52. The Nguyens materially breached additional duties under the Policy, including but not limited to promptly forwarding suit papers, cooperating with State Auto in the investigation and defense of the Underlying Lawsuit, and participating in the overall litigation process of the Underlying Lawsuit, all of which were conditions precedent to coverage.

53. By the time State Auto received notice, liability had been determined through the entry of default, thereby foreclosing State Auto's ability to exercise its contractual right to defend, settle, contest liability and/or meaningfully participate in the Underlying Lawsuit.

54. The entry of default before notice resulted in substantial prejudice because it deprived State Auto of its contractual right to control the defense and protect its interests in the litigation.

55. As a direct result of the Nguyens' untimely notice and failure to comply with their Policy obligations, State Auto was actually and materially prejudiced, including but not limited to being deprived of any meaningful opportunity to:

    a. Investigate the underlying claims;

    b. Identify and interview witnesses;

    c. Participate in the Nguyens' defense;

    d. Participate in settlement negotiations prior to entry of default; and

    e. Prevent the entry of a default judgment.

56.    Accordingly, the Nguyens' material breach of their notice obligation and to comply with their duties precludes coverage for the Underlying Lawsuit, and thus State Auto has no duty to defend or indemnify the Nguyens in connection with the Underlying Lawsuit.

## COUNT II

### Declaratory Judgment - No Coverage

57.    State Auto re-alleges and incorporates Paragraphs 1-46 of this Complaint for Count II as if fully set forth herein.

58.    The Policy does not afford any coverage for the claims asserted by Jane Doe against the Nguyens in the Underlying Lawsuit.

59.    First, the Policy's Coverage E only provides coverage for certain claims asserted against the insured because of bodily injury or property damage caused by an "occurrence," which is defined as "an accident." The Underlying Lawsuit, by contrast, does not allege bodily injury or property damage caused by "an accident"; to the contrary, it alleges injuries resulting from intentional sexual abuse, assault, and harassment of a minor perpetrated by the Nguyens' son. Accordingly, the claims against the Nguyens do not arise from an "occurrence" and therefore do not fall within Coverage E's initial coverage grant. This precludes coverage for the Underlying Lawsuit independently and irrespective of any other issue that might otherwise bear on coverage.

60.    Second, even if the Underlying Lawsuit did fall within Coverage E's initial coverage grant, coverage still would be unavailable by operation of each of the three following exclusions:

   a.    Exclusion E.7 bars coverage for bodily injury "arising out of sexual molestation, corporal punishment or physical or mental abuse[.]" The Underlying Lawsuit straightforwardly arises out of sexual molestation, physical abuse, and mental abuse. Exclusion E.7 therefore bars coverage for the Underlying Lawsuit independently and irrespective of any other issue that might otherwise bear on coverage.

11

b.  Exclusion E.9 bars coverage for bodily injury "arising out of failure to supervise or the negligent supervision of a person that results in one or more of the excluded events in 6. Communicable Disease, 7. Sexual Molestation, Corporal Punishment Or Physical Or Mental Abuse . . ." The Underlying Lawsuit alleges bodily injury resulting from the Nguyens' negligent supervision of their son who allegedly sexually molested, physically abused, and mentally abused Jane Doe. Exclusion E.9 therefore bars coverage for the Underlying Lawsuit independently and irrespective of any other issue that might otherwise bear on coverage.

c.  Exclusion E.1 bars coverage for bodily injury "which is expected or intended by an 'insured', even if the resulting 'bodily injury' or 'property damage': a. Is of a different kind, quality or degree than initially expected or intended; or b. Is sustained by a different person, entity or property than initially expected or intended." The Underlying Lawsuit alleges that the Nguyens' son intentionally sexually abused, assaulted, and harassed Jane Doe. Exclusion E.1 therefore bars coverage for the Underlying Lawsuit independently and irrespective of any other issue that might otherwise bear on coverage.

61. <u>Finally</u>, to the extent the harassment claim is deemed to allege verbal abuse that it is separate from the sexual and physical assaults alleged, these would be barred by Exclusions E.7 and E.9 which bar coverage for "sexual molestation, corporal punishment, physical or ***mental abuse***" and/or because no bodily injury is alleged for purely verbal abuse.

62. Coverage therefore is unavailable under the Policy, and State Auto accordingly has no duty to defend or indemnify the Nguyens in connection with the Underlying Lawsuit.

**WHEREFORE**, State Auto prays this Court declare the rights and obligations of the parties under the Policy and enter judgment for State Auto:

(i)  adjudging and declaring that it has no duty to defend or indemnify Huy Phat Nguyen and Tristy Nguyen under the Policy with respect to the claims asserted in the Underlying Lawsuit; and

(ii)  granting such other and further relief as the Court deems just and proper.

Dated:  June 9, 2026

Respectfully submitted,

By: */s/ Cathleen S. Aubuchon*

**SHOOK, HARDY & BACON L.L.P.**

Cathleen S. Aubuchon #69946 MO
190 Carondelet Plaza, Suite 1350
St. Louis, MO  63105
(314) 690-0200
caubuchon@shb.com

Sarah E. Lynn Baltzell #60937 MO
2555 Grand Boulevard
Kansas City, MO  64108
(816) 474-6550
slynn@shb.com

Riley C. Mendoza (*pro hac vice forthcoming*)
111 South Wacker Drive, Suite 4700
Chicago, IL  60606
(312) 704-7700
rmendoza@shb.com

***Attorneys for Plaintiff State Automobile Mutual Insurance Company***

13